NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0673n.06

No. 08-4278

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 06, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DAVID HALPERN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| PERITEC BIOSCIENCES, LTD.; PERITEC | ) | |
| BIOSCIENCES; RAJESH K. KHOSLA; | ) | |
| TIMUR SARAC, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MARTIN, ROGERS, and COOK, Circuit Judges.

PER CURIAM. Plaintiff Halpern appeals from the district court's Rule 12(b)(6) dismissal of his suit to enjoin patent-pending rights, testing, and marketing of a device he claims to have invented. Because Halpern's complaint seeks relief under the patent law, appellate jurisdiction lies exclusively in the Federal Circuit. 28 U.S.C.§ 1295(a); 28 U.S.C.§ 1338(a). Neither party's brief questions this Court's appellate subject matter jurisdiction; thus, we raise it sua sponte. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*").

No. 08-4278
*Halpern v. Peritec Biosciences, LTD., et al.*

Jurisdiction lies in the Federal Circuit because Halpern's "patent rights" claim seeks to enjoin the exercise of provisional patent rights conferred by 35 U.S.C. § 154(d) and asks the district court to determine under the patent law his right to enjoin the exercise of provisional patent rights, patent-pending marketing, and patent-pending testing. Consequently, the Federal Circuit has exclusive jurisdiction over this appeal. This Court may, in the interests of justice, transfer the appeal for want of jurisdiction to a court where the appeal could have been brought if it were timely filed. 28 U.S.C. § 1631. The interests of justice favor transferring Halpern's appeal because it was not brought in bad faith and would also be time-barred if dismissed.

Accordingly, the appeal is transferred to the United States Court of Appeals for the Federal Circuit under 28 U.S.C. § 1631. The clerk of this court is directed to transmit the record and briefs to the clerk of that court.